UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| BAIS YAAKOV OF SPRING VALLEY, on behalf of itself and all others similarly situated, | 18 CV |
| Plaintiff, | |
| -vs.- | Complaint |
| NUSTARR, LLC d/b/a APPLE TEXTBOOKS and WILLIAM H. HAYNE, JR., | Class Action |
| | Jury Demanded |
| Defendants. | |

_____

## COMPLAINT

Plaintiff Bais Yaakov of Spring Valley, on behalf of itself and all others similarly situated, alleges as follows:

## INTRODUCTION

1. Bais Yaakov of Spring Valley ("Plaintiff") brings this action against Java Nustarr, LLC d/b/a Apple Textbooks ("Nustarr") and William H. Haynie, Jr. ("Haynie") (collectively referred to as "Defendants") for violating the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"). Congress enacted the TCPA in 1991 to prevent the faxing of unsolicited advertisements to persons who had not provided express invitation or permission to receive such faxes. In addition, the TCPA and regulations promulgated pursuant to it prohibit the sending of unsolicited as well as solicited fax advertisements that do not contain properly worded opt-out notices.

2. Upon information and belief, Defendants have caused to be sent out over five thousand (5,000) unsolicited and solicited fax advertisements for goods and/or services without proper opt-out notices to persons throughout the United States within the

applicable limitations period for the TCPA, which is four years. As a result, Defendants are liable to Plaintiff and the proposed Classes A and B of similarly situated persons under the TCPA.

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227.

4. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2) because this is the judicial district in which a substantial part of the events or omissions giving rise to the claims in this case occurred.

## THE PARTIES

5. Plaintiff is a New York religious corporation, with its principal place of business at 11 Smolley Drive, Monsey, New York 10952.

6. Upon information and belief, defendant Nustarr is a Delaware limited liability company, with its principal place of business located at 2200 Winter Springs Boulevard, # 106-315, Oviedo, Florida 32765 and sells textbooks.

7. Upon information and belief, Haynie is an officer of Nustarr and resides at 2200 Winter Springs Boulevard, # 106-315, Oviedo, Florida 32765.

## DEFENDANT'S ILLEGAL JUNK FAXES

8. At all times relevant to this action, Plaintiff had telephone service at 845-356-3132 at its place of business at 11 Smolley Drive, Monsey, New York 10952. Plaintiff receives facsimile transmissions at this number, using a telephone facsimile machine.

9. Upon information and belief, on May 14, 2014 and May 15, 2014 and at other dates and times from four years prior to the date of the filing of the instant

Complaint to the date of the filing of the instant Complaint, Defendants, individually and/or collectively, without Plaintiff's express invitation or permission, arranged for and/or caused a telephone facsimile machine, computer, or other device to send unsolicited fax advertisements (the "Fax Advertisements") advertising the commercial availability or quality of any property, goods, or services, to Plaintiff's fax machine located at 11 Smolley Drive, Monsey, New York 10952. Copies of some of the Fax Advertisements are attached hereto as Exhibit A and incorporated into this Complaint.

10. Upon information and belief, during all times relevant to the instant Complaint, Haynie, who as noted above is an Officer of Nustarr, specifically, individually and personally directed and authorized all of the Fax Advertisements described above to be sent by fax, was intimately involved in the program to send the Fax Advertisements, including the design of the Fax Advertisements, and authorized payment for the sending of the Fax Advertisements. Upon information and belief Haynie was the guiding spirit and central figure behind the Fax Advertisements being sent in the manner in which they were sent.

11. Plaintiff did not provide Defendants with express invitation or permission to send any fax advertisements. The Fax Advertisements were wholly unsolicited.

12. In spite of the TCPA's opt-out notice requirements, the Fax Advertisements do not contain any notices on how to opt out of receiving future fax advertisements from Defendants. See Exhibit A.

13. Upon information and belief, Defendants, individually and/or collectively, either negligently or willfully and/or knowingly arranged for and/or caused the Fax Advertisements to be sent to Plaintiff's fax machine.

14. Plaintiff suffered harm from Defendants sending it the Fax

3

Advertisements in that the Fax Advertisements wasted Plaintiff's paper and toner, occupied Plaintiff's fax machine and fax telephone line, wasted Plaintiff's time and caused Plaintiff annoyance. Plaintiff also suffered harm and/or had a real risk of future harm because the Fax Advertisements failed to contain the information necessary for Plaintiff to effectively opt-out of receiving future fax advertisements from Defendants which would cause the harms described in the previous sentence of this paragraph.

15. Upon information and belief, Defendants, individually and/or collectively, have, from four years prior to the date of the filing of the Complaint in this action through the present, either negligently or willfully and/or knowingly sent and/or arranged to be sent well over five thousand (5,000) *unsolicited and/or solicited* fax advertisements advertising the commercial availability or quality of any property, goods, or services, to fax machines and/or computers belonging to thousands of persons all over the United States. Upon information and belief, those fax advertisements contained a notice identical or substantially similar to the opt-out notices contained in the Fax Advertisements Defendants sent or caused to be sent to Plaintiff.

16. Upon information and belief, Defendants, individually and/or collectively, have, from four years prior to the date of the filing of the Complaint in this action through the present, either negligently or willfully and/or knowingly sent and/or arranged to be sent well over five thousand (5,000) *unsolicited* fax advertisements advertising the commercial availability or quality of any property, goods, or services, to fax machines and/or computers belonging to thousands of persons throughout the United States. Upon information and belief, those facsimile advertisements contained an opt-out notice identical or substantially similar to the Opt-Out Notice contained in the Fax Advertisements Defendants sent or caused to be sent to Plaintiff.

4

17.     Upon information and belief, during all times relevant to the instant Complaint, Haynie, who as noted above is an officer of Nustarr, specifically, individually and personally directed and authorized all of the fax advertisements described in paragraphs 18-20 above to be sent by fax, was intimately involved in the program to send those fax advertisements, including the design of those fax advertisements, and authorized payment for the sending of those fax advertisements.  Upon information and belief Haynie was the guiding spirit and central figure behind those fax advertisements being sent in the manner in which they were sent.

## CLASS ALLEGATIONS

18.     Plaintiff brings this class action on behalf of itself and all others similarly situated under rules 23(a) and 23(b)(1)-(3) of the Federal Rules of Civil Procedure.

19.     Plaintiff seeks to represent three classes (the "Classes") of individuals, each defined as follows:

Class A:  All persons to whom, from four years prior to the date of the filing of the Complaint through the present, Defendants sent or caused to be sent at least one *solicited or unsolicited* facsimile advertisement advertising the commercial availability or quality of any property, goods, or services that did not contain an opt-out notice.

Class B:  All persons to whom, from four years prior to the date of the filing of the Complaint through the present, Defendants sent or caused to be sent at least one *unsolicited* facsimile advertisement advertising the commercial availability or quality of any property, goods, or services that did not contain and opt-out notice.

20.     Numerosity: The Classes are so numerous that joinder of all individual

5

members in one action would be impracticable. The disposition of the individual claims of the respective class members through this class action will benefit the parties and this Court. Upon information and belief there are, at a minimum, thousands of class members of Classes A and B. Upon information and belief, the Classes' sizes and the identities of the individual members thereof are ascertainable through Defendants' records, including Defendants' fax and marketing records.

21. Members of the Classes may be notified of the pendency of this action by techniques and forms commonly used in class actions, such as by published notice, e-mail notice, website notice, fax notice, first class mail, or combinations thereof, or by other methods suitable to the Classes and deemed necessary and/or appropriate by the Court.

22. <u>Typicality</u>:  Plaintiff's claims are typical of the claims of the members of Class A because the claims of Plaintiff and members of Class A are based on the same legal theories and arise from the same unlawful conduct. Among other things, Plaintiff and members of Class A were sent or caused to be sent by Defendants at least one fax advertisement advertising the commercial availability or quality of any property, goods, or services that did not contain an opt-out notice.

23. Plaintiff's claims are typical of the claims of the members of Class B because the claims of Plaintiff and members of Class B are based on the same legal theories and arise from the same unlawful conduct. Among other things, Plaintiff and the members of Class B were sent or caused to be sent by Defendants, without Plaintiff's or the Class B members' express permission or invitation, at least one fax advertisement advertising the commercial availability or quality of any property, goods, or services that did not contain an opt-out notice.

24. <u>Common Questions of Fact and Law</u>:  There is a well-defined community of common questions of fact and law affecting the Plaintiff and members of the Classes.

25. The questions of fact and law common to Plaintiff and Class A predominate over questions that may affect individual members, and include:

(a) Whether Defendants' sending and/or causing to be sent to Plaintiff and the members of Class A, by facsimile, computer or other device, fax advertisements advertising the commercial availability or quality of any property, goods or services that did not contain an opt-out notice, violated 47 U.S.C. § 227(b) and the regulations thereunder;

(b) Whether Defendants' sending and/or causing to be sent such fax advertisements was knowing or willful;

(c) Whether Plaintiff and the members of Class A are entitled to statutory damages, triple damages and costs for Defendant's conduct; and

(d) Whether Plaintiff and members of Class A are entitled to a permanent injunction enjoining Defendants from continuing to engage in its unlawful conduct.

26. The questions of fact and law common to Plaintiff and Class B predominate over questions that may affect individual members, and include:

(a) Whether Defendants' sending and/or causing to be sent to Plaintiff and the members of Class B, without Plaintiff's or the Class B members' express invitation or permission, by facsimile, computer or other device, fax advertisements advertising the commercial availability or quality of any property, goods, or services that did not contain an opt-out notice, violated 47 U.S.C. § 227(b) and the regulations thereunder;

(b) Whether Defendants' sending and/or causing to be sent to Plaintiff and the members of Class B such unsolicited fax advertisements was knowing or willful;

(c) Whether Plaintiff and the members of Class B are entitled to statutory damages, triple damages and costs for Defendants' conduct; and

(d) Whether Plaintiff and members of Class B are entitled to a permanent injunction enjoining Defendants from continuing to engage in its unlawful conduct.

27. <u>Adequacy of Representation</u>: Plaintiff is an adequate representative of the Classes because its interests do not conflict with the interests of the members of the Classes. Plaintiff will fairly, adequately and vigorously represent and protect the interests of the members of the Classes and has no interests antagonistic to the members of the Classes. Plaintiff has retained counsel who are competent and experienced in litigation in the federal courts, class action litigation, and TCPA cases.

28. <u>Superiority</u>: A class action is superior to other available means for the fair and efficient adjudication of the Classes' claims. While the aggregate damages that may be awarded to the members of the Classes are likely to be substantial, the damages suffered by individual members of the Classes are relatively small. The expense and burden of individual litigation makes it economically infeasible and procedurally impracticable for each member of the Classes to individually seek redress for the wrongs done to them. The likelihood of the individual Class members' prosecuting separate claims is remote. Plaintiff is unaware of any other litigation concerning this controversy already commenced against Defendants by any member of the Classes.

29. Individualized litigation also would present the potential for varying,

8

inconsistent or contradictory judgments, and would increase the delay and expense to all parties and the court system resulting from multiple trials of the same factual issues. The conduct of this matter as a class action presents fewer management difficulties, conserves the resources of the parties and the court system, and would protect the rights of each member of the Classes. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

30. <u>Injunctive Relief</u>: Defendants have acted on grounds generally applicable to the members of Classes A and B, thereby making appropriate final injunctive relief with respect to Classes A and B.

## FIRST CLAIM FOR VIOLATION OF THE TCPA

31. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-30.

32. By the conduct described above, Defendants have committed more than five thousand (5,000) violations of 47 U.S.C. § 227(b) against Plaintiff and the members of Class A, to wit: the fax advertisements Defendants sent and/or caused to be sent to Plaintiff and the members of Class A were either (a) unsolicited and did not contain a notice satisfying the requirements of the TCPA and regulations thereunder, or (b) solicited and did not contain a notice satisfying the requirements of the TCPA and regulations thereunder.

33. Plaintiff and the members of Class A are entitled to statutory damages under 47 U.S.C. § 227(b) in an amount greater than two million, five hundred thousand dollars ($2,500,000).

34. If it is found that Defendants willfully and/or knowingly sent and/or caused to be sent fax advertisements that did not contain a notice satisfying the

requirements of the TCPA and regulations thereunder to Plaintiff and the members of Class A, Plaintiff requests that the Court increase the damage award against Defendants to three times the amount available under 47 U.S.C. § 227(b)(3)(B), as authorized by 47 U.S.C. § 227(b)(3).

## SECOND CLAIM FOR VIOLATION OF THE TCPA

35. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-30.

36. By the conduct described above, Defendants committed more than five thousand (5,000) violations of 47 U.S.C. § 227(b) against Plaintiff and the members of Class B, to wit: the fax advertisements Defendants sent and/or caused to be sent to Plaintiff and the members of Class B were unsolicited and did not contain notices satisfying the requirements of the TCPA and regulations thereunder.

37. Plaintiff and the members of Class B are entitled to statutory damages under 47 U.S.C. § 227(b) in an amount greater than two million, five hundred thousand dollars ($2,500,000).

38. If it is found that Defendants willfully and/or knowingly sent and/or caused to be sent unsolicited fax advertisements that did not contain a notice satisfying the requirements of the TCPA and regulations thereunder to Plaintiff and the members of Class B, Plaintiff requests that the Court increase the damage award against Defendants to three times the amount available under 47 U.S.C. § 227(b)(3)(B), as authorized by 47 U.S.C. § 227(b)(3).

## THIRD CLAIM FOR INJUNCTIVE RELIEF

39. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-34.

40. Defendants committed thousands of violations of 47 U.S.C. § 227(b).

41. Under 47 U.S.C. § 227(b)(3)(A), Plaintiff and the members of Classes A and B are entitled to an injunction against Defendants, prohibiting Defendants from committing further violations of the TCPA and regulations thereunder.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff, on behalf of itself and the members of the Classes, requests:

A. An order certifying the Classes, appointing Plaintiff as the representative of the Classes, and appointing Aytan Y. Bellin of Bellin & Associates LLC as counsel for the Classes;

B. an award to Plaintiff and the members of Classes A and B of statutory damages in excess of $2,500,000 for each of Classes A and B, pursuant to 47 U.S.C. § 227(b), for Defendants' violations of that statute and the regulations promulgated thereunder;

C. if it is found that Defendants willfully and/or knowingly sent and/or caused to be sent the fax advertisements alleged to classes A and/or B, an award of three times the amount of damages described in the previous paragraph, as authorized by 47 U.S.C. § 227(b)(3);

D. an injunction against Defendants prohibiting them from committing further violations of the TCPA and regulations described above; and

E. such further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

11

Dated: White Plains, New York
January 2, 2018

                          **BAIS YAAKOV OF SPRING VALLEY ON BEHALF OF ITSELF AND ALL OTHERS SIMILARLY SITUATED**

                          By: /s/ Aytan Y. Bellin
                               Aytan Y. Bellin
                               Bellin & Associates LLC
                               85 Miles Avenue
                               White Plains, NY 10606
                               (914) 358-5345
                               Fax: (212) 571-0284
                               aytan.bellin@bellinlaw.com

                               *Attorneys for Plaintiff and the Proposed Classes*